**UNITED STATES et al. v. PRESTON et al.**

No. 12218.

United States Court of Appeals
Ninth Circuit.

March 23, 1950.

A. Devitt Vanech, Asst. Atty. Gen., Ernest A. Tolin, U. S. Atty., Los Angeles, Cal., and Irl D. Brett, Sp. Asst. to Atty. Gen., Roger P. Marquis and John C. Harrington, Attys., Dept. of Justice, Washington, D. C., for appellants.

John W. Preston, Oliver O. Clark and David D. Sallee, Los Angeles, Cal., for appellee.

Before STEPHENS and POPE, Circuit Judges, and LING, District Judge.

STEPHENS, Circuit Judge.

This case, both as to fact and as to law, practically parallels the companion case No. 12,046 this day decided [1] which concerns attorney's fees and expenses owing by Lee Arenas. We fully treated the fundamental issues of this case in the companion case.

1. No. 12,046, Arenas v. Preston, United States v. Preston, 181 F.2d 62.

The district judge in the instant case fixed attorney fees on a percentum value basis of the allotted land unrestricted by any interest of the United States and made an allowance for expenses. He ordered the land impressed with a lien to secure payment of the attorney's fees and expenses and ordered the land sold forthwith by a commissioner in discharge of the indebtedness. The lien was ordered impressed and the attorney fee was fixed upon the theory that the allotment was entirely free from any interest of the United States. A mere reading of our opinion in the companion case will clearly show that such theory was wrong and substantially affected the court's conclusions and judgment and constituted reversible error.

The record shows on its face that whereas $100 was allowed as expenses, only $15 was actually expended. The judgment should be reduced in accordance with these facts.

The case is remanded to the district court with instructions to proceed to fix an attorney fee and to secure its payment by the impressment of a lien on the allotted property all in accord with our expressions in the Arenas case No. 12,046. Any lien impressed upon the property should be foreclosable only after a reasonable period has elapsed in which payment could be made.

Affirmed in part, reversed in part, and remanded.